IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUSTICE STAMPS, | ) | |
| | ) | Case No. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | Magistrate |
| | ) | |
| The City of Chicago, Illinois, a municipal corporation, | ) | |
| Chicago Police Lieutenant GODFREY CRONIN | ) | |
| (#625), Officer JARVIS CRAIG (#17209), Officer | ) | |
| ALEXANDER FUERTES (#15810), Officer | ) | Jury Trial Demanded |
| ANTHONY ACCARDO (#10627), Officer | ) | |
| JAMES RADOMSKI (#19133), Chicago Business | ) | |
| Affairs and Consumer Protection Investigator | ) | |
| JOSEPH SNEED (#114), and Investigator JOSEPH | ) | |
| MCGREAL (#333), | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF JUSTICE STAMPS' COMPLAINT

NOW COMES Plaintiff JUSTICE STAMPS (hereinafter referred to as "Plaintiff"), by and through her attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendant Chicago Police Lieutenant GODFREY CRONIN (#625), Officer JARVIS CRAIG (#17209), Officer ALEXANDER FUERTES (#15810), Officer ANTHONY ACCARDO (#10627), Officer JAMES RADOMSKI (#19133), City of Chicago Business Affairs and Consumer Protection Investigator JOSEPH SNEED (#114) and Investigator JOSEPH MCGREAL (#333), and the CITY OF CHICAGO Illinois, a municipal corporation, states as follows:

1

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

4. Plaintiff, JUSTICE STAMPS, is a resident of Chicago, Illinois.

5. At all relevant times Defendants CRONIN, FUERTES, ACCARDO, CRAIG, and RADOMSKI are or were Chicago Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6. At all relevant times Defendants SNEED and MCGREAL are or were Chicago Business Affairs and Consumer Protection Investigators, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants MCGREAL, SNEED, CRONIN, CRAIG, FUERTES, ACCARDO, and RADOMSKI. Should Plaintiff prevail on her claims, Defendant CITY OF CHICAGO must indemnify Defendants MCGREAL, SNEED, CRONIN, CRAIG, FUERTES, ACCARDO, and RADOMSKI on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

## FACTS

8. Plaintiff Justice Stamps is a community activist and youth advocate working to improve her community and the lives of underserved youth from Chicago's most vulnerable neighborhoods.

9. Plaintiff is the executive director of the Marion Stamps Youth Center.

10. The Marion Stamps Youth Center operates programs for underserved youth in Chicago and has received numerous grants, including from the City of Chicago, to fund programs that enrich and better the lives of disadvantaged and underserved youth.

11. The location of the Marion Stamps Youth Center is 1329 North Larrabee Street in Chicago.

12. 1329 North Larrabee Street is sometimes referred to as the Stamps Rhine Community Center.

13. The Marion Stamps Youth Center and the Stamps Rhine Community Center is a community space for the Near North Side neighborhood in Chicago and former residents of the Cabrini Green Housing Project.

14. On March 22, 2019, Plaintiff was hosting a monthly community game night at 1329 North Larrabee Street.

15. The game night was private and not open to the general public.

16. The majority of the attendees were lifelong friends who had known each other for over 40 years.

17. Community members gathered on March 22, 2019 for their monthly game night as well as to remember and honor a community member who was to attend the evening's game night but had unexpectedly died that day.

18. Plaintiff was at home when she was notified by a community member that Chicago Police officers and City of Chicago Business Affairs and Consumer Protection investigators were at 1329 North Larrabee Street harassing game night community members and demanding to enter the premises and Plaintiff's presence was needed.

19. The Chicago Police officers who were demanding to enter the premises were Defendants FUERTES and CRAIG.

20. The City of Chicago Business Affairs and Consumer Protection investigators present were Defendants SNEED & MCGREAL.

21. Defendants MCGREAL, SNEED, CRAIG and FUERTES were told by persons in attendance that they could not enter the premises without a warrant.

22. Defendants MCGREAL and SNEED demanded to enter the premises.

23. Plaintiff came to 1329 North Larrabee Street to attend to the situation.

24. Upon arrival, Plaintiff was met by Defendant City of Chicago Business Affairs and Consumer Protection Investigators MCGREAL and SNEED and Defendant Chicago Police Officers CRAIG and FUERTES who told Plaintiff that the Chicago Police and City Inspectors demanded entry into the premises.

25. Plaintiff told Defendants MCGREAL, SNEED, FUERTES and CRAIG that a private event and memorial was being held and they would not be allowed access without a search warrant.

26. Defendant SNEED then stated that he had a friend in the 18th district that would help him and Defendants MCGREAL, CRAIG and FUERTES get into the premises. That friend was Defendant CRONIN.

27. Defendant SNEED called Defendant CRONIN and told CRONIN that he was needed at 1329 North Larrabee Street so that Defendants SNEED, MCGREAL, CRAIG and FUERTES could enter the premises.

28. Defendant CRONIN arrived at 1329 North Larrabee Street soon after.

29. Upon arriving, Defendant CRONIN spoke to Plaintiff and told her to "open the fucking door."

30. The entrance door at 1329 North Larrabee Street locked from the inside.

31. Plaintiff told Defendant CRONIN that he could not enter without a warrant and that she was not giving consent to enter.

32. Plaintiff also told Defendant CRONIN that the persons inside were having a small gathering to honor and remember a community member who had suddenly died.

33. Defendants MCGREAL, SNEED, CRONIN, FUERTES, and CRAIG wanted to enter the premises to search and gather evidence.

34. Defendants CRONIN, MCGREAL, SNEED, FUERTES, and CRAIG did not have a warrant to enter the premises at 1329 North Larrabee Street.

35. After telling Defendants MCGREAL, SNEED, CRONIN, FUERTES, and CRAIG that they could not enter the premises without a warrant, Plaintiff sat on the front steps directly in front of 1329 North Larrabee Street.

36. While sitting on the outside steps in front of the entrance to 1329 North Larrabee Street, Plaintiff again told Defendants CRONIN, MCGREAL, SNEED, FUERTES, and CRAIG that they could not enter the premises without a warrant.

37. As Plaintiff was sitting on the steps in front of the entrance, someone from inside the premises opened the door to exit.

38. Defendant CRONIN instructed Defendants CRAIG and FUERTES to rush the door and enter the premises.

39. Defendants CRONIN, FUERTES, and CRAIG trampled over Plaintiff and knocked her to the ground and stepped on her as they attempted to make entry.

40. Plaintiff was able to pull herself from the ground and once again attempted to tell Defendants CRONIN, FUERTES, and CRAIG that they did not have permission to enter.

41. Defendant CRONIN forcefully elbowed Plaintiff about her body.

42. Defendant CRONIN then violently grabbed Plaintiff about her body and began shoving and pushing Plaintiff.

43. Plaintiff attempted to block Defendant Cronin's violent attack on Plaintiff.

44. Defendant FUERTES slammed Plaintiff on a table and twisted Plaintiff's wrists causing pain.

45. Defendants FUERTES, CRAIG and CRONIN then aggressively grabbed Plaintiff and yanked Plaintiff's hands behind her back and placed handcuffs on her.

46. Plaintiff's teenage son watched from a few feet away as Defendants CRONIN, FUERTES and CRAIG attacked and falsely arrested his mother.

47. Defendants CRONIN, MCGREAL, SNEED, FUERTES and CRAIG made entry into 1329 North Larrabee Street.

48. Upon entering the premises, Defendants MCGREAL, SNEED, CRONIN, CRAIG, and FUERTES proceeded to search the entire premises.

49. Defendants ACCARDO and RADOMSKI arrived at 1329 North Larrabee Street and entered and joined Defendants CRONIN, MCGREAL, SNEED, CRAIG, and FUERTES in searching the premises.

50. Defendants MCGREAL, SNEED, ACCARDO, RADOMSKI, CRONIN, CRAIG, and FUERTES refused to let community members leave until they produced identification and their names were recorded.

51. Defendants MCGREAL and SNEED recorded the community members names and addresses and took photographs of the premises.

52. Defendant CRONIN stood at the entrance of 1329 North Larrabee, kept the door locked and refused to let anyone in or out of the building until the building was searched and everyone inside produced identification and their names were recorded.

53. Plaintiff was falsely arrested and transported to the police station.

54. Defendants CRONIN, CRAIG, and FUERTES, fabricated police reports stating that Plaintiff struck Defendant CRONIN and resisted arrest.

55. Plaintiff never struck or hit any Chicago Police officer.

56. Plaintiff did not resist arrest.

57. While at the police station, Defendant CRONIN told Plaintiff that he and Defendant SNEED knew each other and were friends.

58. Defendant CRONIN stated that he and Defendant SNEED had previously worked together on other cases.

59. At Plaintiff's April 15, 2019 criminal court hearing, the criminal case against Plaintiff was dismissed in Plaintiff's favor.

60. Plaintiff suffered physical, monetary, and emotional injuries as a result of this incident.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)
### Against Defendants Cronin, Fuertes, and Craig

61. Each of the foregoing paragraphs is incorporated as if fully restated herein.

62. As described in the above paragraphs, Defendants CRONIN, FUERTES, and CRAIG, used excessive force against Plaintiff, thus violating her rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

63. Said actions of Defendants CRONIN, FUERTES, and CRAIG were intentional and committed with reckless disregard for Plaintiff's rights.

64. As a direct and proximate consequence of Defendants CRONIN, FUERTES, and CRAIG'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT II
### (42 U.S.C. § 1983 – Unlawful Entry)
**Against Defendants Sneed, McGreal, Cronin, Fuertes, Craig, Accardo, and Radomski**

65. Each of the foregoing paragraphs is incorporated as if fully restated herein.

66. As described in the above paragraphs, Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO and RADOMSKI unlawfully entered the premises at 1329 North Larrabee Street, thus violating Plaintiff's rights under the United States Constitution and 42 U.S.C. Section 1983.

67. Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO and RADOMSKI did not have consent nor a warrant to enter the premises and disregarded the lack of consent and entered the premises anyway.

68. Said actions of Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO and RADOMSKI were intentional and committed with reckless disregard for Plaintiff's rights.

69. As a direct and proximate consequence of Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO and RADOMSKI'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT III
### (42 U.S.C. § 1983 – Unlawful Search)
**Against Defendants Sneed, McGreal, Cronin, Fuertes, Craig, Accardo and Radomski**

70. Each of the foregoing paragraphs is incorporated as if fully restated herein.

71. As described in the above paragraphs, Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO, and RADOMSKI unlawfully searched the premises at 1329

8

North Larrabee Street, thus violating Plaintiff's rights under the United States Constitution and 42 U.S.C. Section 1983.

72. Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO and RADOMSKI did not have consent nor a warrant to enter the premises and disregarded the lack of consent and searched the premises anyway.

73. Said actions of Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO and RADOMSKI were intentional and committed with reckless disregard for Plaintiff's rights.

74. As a direct and proximate consequence of Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO and RADOMSKI'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT IV
### (42 U.S.C. § 1983 – Supervisory Liability)
### Against Defendant Cronin

75. Each of the foregoing paragraphs is incorporated as if fully restated herein.

76. Defendant CRONIN was the supervisor of Defendant Officers FUERTES, CRAIG, ACCARDO and RADOMSKI.

77. Defendant CRONIN knew about the unlawful conduct stated throughout this Complaint committed by Defendant Officers FUERTES, CRAIG, ACCARDO and RADOMSKI.

78. Defendant CRONIN facilitated, approved, and condoned the unlawful conduct committed by Defendant Officers FUERTES, CRAIG, ACCARDO and RADOMSKI.

79. Defendant CRONIN did nothing to stop the unlawful conduct committed by Defendant Officers FUERTES, CRAIG, ACCARDO and RADOMSKI.

80. As a direct and proximate consequence of Defendant CRONIN'S misconduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT V
### (42 U.S.C. § 1983 – False Arrest)
### Against Defendants Cronin, Fuertes, and Craig

81. Each of the foregoing paragraphs is incorporated as if fully restated herein.

82. Defendants CRONIN, FUERTES, and CRAIG arrested Plaintiff without probable cause.

83. Defendants CRONIN, FUERTES, and CRAIG fabricated police reports stating that Plaintiff struck Defendant CRONIN and resisted arrest.

84. Defendants CRONIN, FUERTES, and CRAIG undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

85. As a result of the misconduct described in this Count, Plaintiff suffered loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT VI
### (42 U.S.C. § 1983 – Conspiracy)
### Against Defendants Cronin, Fuertes, Craig, McGreal, and Sneed

86. Each of the foregoing paragraphs is incorporated as if fully restated herein.

87. As described more fully above, Defendants CRONIN, FUERTES, CRAIG, MCGREAL and SNEED reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs.

88. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

89. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiff.

90. As a direct and proximate consequence of Defendants CRONIN, FUERTES, CRAIG, MCGREAL and SNEED'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT VII
### (Illinois State Law – Malicious Prosecution)
### Against Defendants Cronin, Fuertes, Craig, and the City of Chicago

91. Each of the foregoing paragraphs is incorporated as if fully restated herein.

92. Defendants CRONIN, FUERTES, CRAIG, and the CITY OF CHICAGO, through its employees and agents, caused criminal proceedings to be initiated against Plaintiff.

93. Defendants CRONIN, FUERTES, CRAIG, and the CITY OF CHICAGO, through its employees and agents, arrested Plaintiff without probable cause, fabricated police reports and placed false charges upon Plaintiff.

94. Defendants CRONIN, FUERTES, CRAIG, and the CITY OF CHICAGO, through its employees and agents, undertook these actions intentionally and with malice.

95. The actions undertaken by Defendants CRONIN, FUERTES, CRAIG, and the CITY OF CHICAGO, through its employees and agents, were willful and wanton.

96. On April 15, 2019, the criminal charges against Plaintiff were dismissed and the case against Plaintiff was terminated in her favor in a manner indicative of innocence.

97. As a result of Defendants CRONIN, FUERTES, CRAIG, and the CITY OF CHICAGO'S, through its employees and agents, misconduct, Plaintiff suffered damages including emotional distress, pain and suffering other damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT VIII
### (Illinois State Law – Battery)
### Against Defendants Cronin, Fuertes, Craig, and the City of Chicago

98. Each of the foregoing paragraphs is incorporated as if fully restated herein.

99. As described more fully above, the misconduct committed by Defendants CRONIN, FUERTES, CRAIG, and the CITY OF CHICAGO, through its employees and agents, includes making physical contact with Plaintiff in numerous ways that were offensive and harmful.

100. This offensive physical contact alleged herein was made without legal justification.

101. As a result of the offensive contact Plaintiff suffered physical injuries. In addition, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT IX
### (Illinois State Law – Intentional Infliction of Emotional Distress)
### Against Defendants Sneed, McGreal, Cronin, Fuertes, Craig, and the City of Chicago

102. Each of the foregoing paragraphs is incorporated as if fully restated herein.

103. As described more fully above, the conduct of Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, and the CITY OF CHICAGO, through its agents and employees, was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

104. Defendants CRONIN, SNEED, MCGREAL, FUERTES, CRAIG, and the CITY OF CHICAGO, through its employees and agents, intended to inflict severe emotional distress on Plaintiff.

105. Defendants CRONIN, FUERTES, CRAIG, SNEED, MCGREAL and the CITY OF CHICAGO, through its employees and agents, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiff.

106. Defendants CRONIN, FUERTES, CRAIG, SNEED, MCGREAL and the CITY OF CHICAGO'S, through its employees and agents, misconduct caused Plaintiff to experience severe physical and emotional distress for which Plaintiff continues to suffer.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT X
### (Indemnification)
### Against City of Chicago

107. Each of the foregoing paragraphs is incorporated as if fully restated herein.

108. At all relevant times, Defendant CITY OF CHICAGO was the employer of the Individual Defendants.

13

109. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

110. Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO, and RADOMSKI committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

111. As a proximate cause of Defendants SNEED, MCGREAL, CRONIN, FUERTES, CRAIG, ACCARDO, and RADOMSKI'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered physical, monetary and emotional injuries.

**WHEREFORE,** should the Individual Defendants be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLANTIFF DEMANDS TRIAL BY JURY.**

**DATED**: October 8, 2019                                         Respectfully Submitted,

JUSTICE STAMPS, PLAINTFF

By: /s/ Julian Johnson
    Julian Johnson
    Attorney for Plaintiff

Attorney No: 6306259
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com